IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03296-BNB

ARTHUR JAMES LOMAX,

    Plaintiff,

v.

MORRIS B. HOFFMAN, the People, and
RICK RAEMISCH, Executive Director of DOC,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Arthur James Lomax, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Lomax has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.

    The Court must construe the Prisoner Complaint liberally because Mr. Lomax is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons stated below,

the Court will dismiss the action.

Mr. Lomax contends in the Prisoner Complaint that he was sentenced illegally in the Denver District Court in December 2006 to an indeterminate term of six years to life in prison and ten years to life on parole. Mr. Lomax specifically contends that the state court sentencing judge abused his discretion and went beyond his authority under Colorado law by imposing a sentence that is excessive, void, and disproportionate to the nature of his crime. According to Mr. Lomax, the maximum prison term to which he could have been sentenced under Colorado law is six years and he should have been released in December 2012. The named Defendants in the Prisoner Complaint are the sentencing judge and the executive director of the DOC. As relief Mr. Lomax asks that his sentence be vacated, that he be released from prison immediately, and that he be awarded damages.

Mr. Lomax may not pursue his claims in this action pursuant to 42 U.S.C. § 1983 to have his sentence vacated or to be released from prison because his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Mr. Lomax previously filed a habeas corpus action in the District of Colorado challenging the validity of his state court criminal conviction that was dismissed as untimely. *See Lomax v. Davis*, No. 11-cv-03034-LTB (D. Colo.), *appeal dismissed*, 484 F. App'x 206 (10th Cir.), *cert. denied*, 133 S. Ct. 480 (2012). Therefore, the Court lacks jurisdiction to consider the merits of any claims seeking

habeas corpus relief.  See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (noting that district courts lack jurisdiction to consider the merits of claims asserted in a second or successive § 2254 application absent prior authorization from the appropriate court of appeals pursuant to 28 U.S.C. § 2244(b)(3)).

Mr. Lomax's claims for damages, which may be asserted in a § 1983 action, will be dismissed because those claims are barred by the rule in Heck v. Humphrey, 512 U.S. 477 (1994).  Pursuant to Heck, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  See Heck, 512 U.S. at 486-87.  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

It is apparent that Mr. Lomax's claims in the Prisoner Complaint implicate the validity of the sentence he is serving.  It also is apparent that Mr. Lomax has not invalidated the validity of that sentence.  Therefore, the Court finds that Mr. Lomax's claims for damages are barred by the rule in Heck and must be dismissed.  The dismissal will be without prejudice.  See Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. § 1983 and the claims for damages are barred by the rule in *Heck*.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  23rd  day of     January    , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court